CHARLES D. SMITH, ADMINISTRATOR AD PROSE-
QUENDUM OF THE ESTATE OF MARY ELIZABETH
SMITH, DECEASED, PLAINTIFF-APPELLANT, v. JAMES
T. KIRBY, DEFENDANT-RESPONDENT.

Argued February 8, 1934—Decided April 12, 1934.

For the plaintiff-appellant, *Theodore D. Parsons* and *Theo-
dore J. Labrecque.*

For the defendant-respondent, *James D. Carton.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in
the New Jersey Supreme Court. The case was tried before
the Circuit Court judge at the Monmouth Circuit. At the
close of the case the judge directed a verdict in favor of the
defendant of no cause of action. From the judgment en-
tered on the verdict the plaintiff appeals here. The case had
been tried previously before the same judge and a verdict for
the plaintiff set aside on a rule to show cause. At the second
trial it was agreed between counsel that the evidence sub-
mitted at the first trial should be used as the evidence at

the second trial and the record taken at the former trial was thus offered and admitted. A verdict for the plaintiff was then directed by the judge as above stated.

The action was for compensation under the Death act brought by the plaintiff as administrator *ad prosequendum* of the estate of Mary Elizabeth Smith, deceased, and also as general administrator of her estate. The facts in the case were that on May 19th, 1930, Malcolm Kirby, a brother of the defendant, was driving a Ford car on the Freehold-Adelphia road in Monmouth county in which was riding with him his grandmother, Mary Elizabeth Smith. The car left the road and crashed into a tree which inflicted the injuries as a result of which Mrs. Smith died. Immediately prior to this automobile trip Mrs. Smith was eating dinner at the Kirby home with Malcolm Kirby and his brother, the defendant, James T. Kirby, together with other members of the household. Mrs. Smith expressed a desire to see a forest fire which was then burning some distance from the Kirby home. There was evidence that Malcolm Kirby asked Mrs. Smith if she would like to see the fire. The defendant, James T. Kirby, then said, "Malcolm take my car and take grandmother down there," and there was also testimony that James said, "take my car Malcolm," and again that he said, "go ahead and take my car," and again Malcolm testified that James Kirby said to him, "take the car and take her out." Malcolm Kirby, the driver of the car, testified that the car was registered in his brother's name. There was testimony that two automobiles were registered in the name of James T. Kirby, the automobile involved in the accident which was a Ford and another car which was a Pontiac. The defendant, James T. Kirby, did not testify. The answer to the complaint admits that the defendant owned the car in question as alleged in the first and second counts of the complaint. Counsel for the defendant during the trial also admitted ownership of the Ford car by the defendant, James T. Kirby, as appears by the following testimony: "*Q.* Did James T. Kirby own an automobile? *A.* Yes, sir. *Q.* What kind of an automobile was it, Mr. Smith? *A.* I got a re-

ceipt here in my pocket if you want to see that. *Q.* What kind was it? Mr. Carton: Objected to as an improper way to prove ownership. The witness: It was a Ford. Mr. Carton: Objection withdrawn; we admit the ownership. The Court: You have already answered it, I assume, in the interrogatories? Mr. Carton: Yes, sir." Malcolm Kirby, however, also stated that he and his grandmother had supplied part of the money with which the automobile involved in the accident was purchased.

The court based its direction on the question of agency and held as a matter of law that no agency was proved because the grandmother requested that she be taken in a car in which she had a financial interest and Malcolm Kirby had said that he would drive her and the defendant had said, "go ahead, take my car." We are of the opinion, in view of the fact that there was evidence that the car was registered in the name of the defendant and that the defendant owned the car, and that the answer admitted that the defendant owned it and defendant's counsel admitted it and that the defendant told Malcolm Kirby to take his car, that such evidence should have been submitted to the jury. Although there appears to be considerable contradiction or confusion relative to ownership of the car and agency of the driver of the car, it was, however, for the jury to say whether Malcolm Kirby, the driver, was the agent of the defendant and whether the defendant owned the car. The judgment under review is, therefore, reversed, to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.